**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-4214

MAXINE EDWARDS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CR-96-363-A)

Submitted: March 10, 1998

Decided: March 26, 1998

Before NIEMEYER and HAMILTON, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Edward Blair Brown, Alexandria, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Kathleen M. Kahoe, Assistant United
States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Maxine Edwards was convicted of conspiracy to possess cocaine with intent to distribute and various substantive counts of possession of cocaine with intent to distribute. She appeals her convictions, arguing that the district court erred in refusing to instruct the jury on entrapment. We affirm.

In 1996, the Federal Bureau of Investigation ("FBI") established a sting operation at the Lorton Reformatory to apprehend a group of women, who were smuggling cocaine into the prison dressed as members of the Moorish Science Temple. An inmate informant, Kenneth Bass-Bey, introduced the women to an undercover FBI agent posing as a drug dealer. The agent gave the women cocaine and money. The women then smuggled the drugs into Lorton and gave them to Bass-Bey, who returned the drugs to the FBI.

Edwards was one of the women who smuggled drugs into Lorton. In addition, Edwards was a "team leader" responsible for arranging and transporting other women, and she also recruited at least one other woman into the conspiracy. At trial, three other members of the conspiracy testified that Edwards was a willing participant. In addition, videotapes were played for the jury showing Edwards obtaining drugs from the undercover agent, introducing new participants to the agent, instructing other women on how to wipe fingerprints off baggies of drugs, discussing transportation to the prison, and handing out money to the other women.

Edwards was arrested in late September 1996 and at that time denied any knowledge of the drug smuggling scheme. In early October, she approached the FBI to confess to her involvement in the scheme. Edwards gave the FBI a written statement, in which she admitted that she began her drug activities when she "accepted an offer" from Dwayne Johnson, who was incarcerated at Lorton, to meet Bass-Bey "so that [Bass-Bey] could explain . . . how he operated a scheme to transport drugs." Edwards stated that she participated in this scheme "in an attempt to establish a point where I could help myself to progress in the world." Edwards further admitted that she

2

met with Bass-Bey, met with the undercover dealer, and smuggled cocaine into Lorton.

Edwards testified at her trial that she received several letters from Johnson, asking her to assist in smuggling drugs into Lorton. In response to this request, she went to Lorton to meet Bass-Bey. During this meeting, Bass-Bey and Edwards hugged, kissed and discussed transporting drugs into Lorton. Edwards testified that when she left the meeting with Bass-Bey she was "terrified." When asked if Bass-Bey had made any threats to her, Edwards replied that Bass-Bey had made "favorable threats" that he could get things for her brother, who was also in prison. She testified that she smuggled drugs into Lorton because she was afraid for her personal safety and that of her brother.

During the charge conference, Edwards requested that the district court instruct the jury on entrapment. The district court declined to do so, ruling that the evidence was insufficient to support the requested charge. The jury convicted Edwards of all counts.

Edwards claims that the district court erred in failing to instruct the jury on entrapment. A defendant "is entitled to an entrapment instruction whenever there is sufficient evidence from which a reasonable jury could find entrapment." Mathews v. United States, 485 U.S. 58, 62 (1988). "[A] valid entrapment defense has two related elements: government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in the criminal conduct." Id. at 63. A defendant must produce sufficient evidence to support both elements. In order for the defendant to be entitled to the instruction, there must be some evidence which, "if believed by a rational juror, would suffice to create a reasonable doubt as to whether government actors induced the defendant to perform a criminal act that he was not predisposed to commit." United States v. Rodriguez, 858 F.2d 809, 814 (1st Cir. 1988).*

Edwards claims that she only participated in the smuggling operation because she was afraid of Bass-Bey, who had repeatedly threat-

_____

*Of course, once the defendant meets this entry-level burden, the government must prove beyond a reasonable doubt that no entrapment occurred. See Rodriguez, 858 F.2d at 815 (collecting cases).

3

ened her. However, the evidence is undisputed that Edwards first met with Bass-Bey at the behest of Johnson, who was neither a government agent nor a cooperating inmate. Johnson made an offer that Edwards accepted to "transport drugs." Edwards accepted Johnson's offer, not because she was threatened by Bass-Bey whom she had not yet met, but rather so that she "could help [her]self to progress in the world." The evidence was clear that Edwards was a willing participant at least until her meeting with Bass-Bey. She therefore could not have sustained the lack of predisposition element and was not entitled to the instruction. See United States v. Romo , 914 F.2d 889, 894 (7th Cir. 1990) (self-serving testimony of defendant insufficient to warrant entrapment instruction where government presents credible evidence of predisposition); see also Rodriguez, 858 F.2d at 815 (intrinsically improbable evidence or vague, conclusory statements of threats are not sufficient to require entrapment instruction).

We therefore affirm Edward's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

4